[No. 5279.]

## BANK OF SONOMA COUNTY *v.* HIRAM T. FAIR-
BANKS ET AL.

POWER OF LEGISLATURE OVER CITIES.—The Legislature may, by an act, au-
thorize the authorities of a city to purchase an agricultural park, and to
issue its bonds in payment therefor, and to levy a tax for the payment of
the same.

CORPORATIONS FOR BANKING PURPOSES.—A corporation may be formed for
the purpose of receiving deposits and loaning money, and if it does not
issue paper to circulate as money it is not a bank within the meaning of
sec. 34, art. 4 of the Constitution, although it is called a bank.

APPEAL from the District Court, Seventh Judicial District,
County of Sonoma.

The City of Petaluma was a municipal corporation, and the Legislature passed an act, approved March 24th, 1874, authorizing its trustees to issue the bonds of the city to the amount of five thousand dollars for the purchase of the grounds and improvements in said city called the Agricultural Park. There was twenty-seven acres of the land. The bonds were to be in the sum of one thousand dollars each, bearing interest at seven per cent. per annum, payable in five annual payments, and the Trustees were required to levy annually after the bonds were issued a tax sufficient to pay the interest and one of the bonds. The trustees made the purchase, and on the 11th day of July, 1874, issued the bonds. The plaintiff was a corporation organized on the 5th day of May, 1866, for the purpose, as expressed in its articles of incorporation, " to engage in and carry on the business of banking to such extent, and in all such branches, as may be legal and under the Constitution and Laws of the State of California." The plaintiff purchased four of the bonds. The Trustees of the city refused to levy a tax to pay either principal or interest, and on the 3rd day of January, 1876, this action was commenced to compel the Trustees, by writ of mandate, to levy a tax sufficient to pay one bond and the interest on the others. The Court below rendered judgment for the defendants, who were the Trustees of the city. The plaintiff appealed.

*A. Thomas*, for the Appellant.

The act was constitutional. (*Upham* v. *Supervisors Sutter County*, 8 Cal. 379; *Hobart* v. *Supervisors Butte County*, 17 Cal. 23; *Blanding* v. *Burr*, 13 Cal. 343; *Robinson* v. *Bidwell*, 22 Cal. 379; *People* v. *Nally*, 49 Cal. 478.)

*E. S. Lippitt* and *George Pearce*, for the Respondents.

The plaintiff has not legal capacity to sue. (Art. 4, sec. 34, Constitution of the State; Hittell's Digest, sec. 748; Hittell's Digest, sec. 933.)

By the terms of the Act of March 23rd, 1874, the inhabitants of Petaluma, a municipal corporation, were to be taxed to purchase an agricultural park to be kept and used for annual exhi-

bitions of the agricultural and mechanical productions. This the Legislature cannot authorize: (*Low* v. *Marysville*, 5 Cal. 214 ; *San Francisco* v. *S. V. W. W.* 48 Cal. 493 ; *Loan Association* v. *Topeka*, 20 Wall. 655 ; *Lowell* v. *City of Boston*, 111 Mass. 454 ; 15 Am. Reports, 45.)

By the COURT :

The Act of March 23rd, 1874, *authorized* the Trustees of the City of Petaluma to purchase an agricultural park, etc.

Such an act could not, perhaps, have been made mandatory. (*People* v. *Lynch*, 51 Cal. 15.) But the objection does not apply to the law under consideration, which, in effect, is an amendment to the city charter, placing the discretion in the city authorities to make a certain purchase, and to assume a certain obligation. Such legislative power may be confided to a municipality proper. (*Ex parte Wall*, 48 Cal. 278.)

Under art. 4, sec. 34, of the Constitution of the State, deposit and loan associations may be formed which do not issue paper to circulate as money ; and such are not *banks* within the prohibition of the Constitution, although they may be called *banks*.

Judgment reversed and cause remanded.